UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WOLFE APARTMENTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:26-cv-00030-SNLJ |
| ) | |
| SANDY PHILLIPS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER FOR SUMMARY REMAND**

This matter comes before the Court on Defendant Sandy Phillips's filing a Notice of Removal, in addition to 20 additional motions. ECF Nos. 1, 3-14, 20-21, 26-27, 29-33. Plaintiff's motion to proceed *in forma pauperis* will be granted and the filing fee will be waived. ECF No. 4. After reviewing the Notice of Removal, and for the reasons explained below, the Court finds that it lacks subject matter jurisdiction and will remand this matter to the Circuit Court for Butler County. All other motions will be denied.

**Background**

Defendant filed her Notice of Removal on February 8, 2026, seeking to remove an ongoing unlawful detainer case from the Circuit Court for Butler County. ECF No. 1. In addition to the Notice, Defendant attached a benefits verification letter from the Social Security Administration, the summons for her state court case, the lease agreement at issue, the notice to vacate sent by Plaintiff, and a blank form of a server's return.

**A. Underlying State Court Action in Butler County**

The underlying state court action relates to an unlawful detainer matter that originated in the Circuit Court for Butler County on or about December 31, 2025. *Wolfe Apartments LLC v.*

*Phillips*, 26BT-CV00001 (36ᵗʰ Jud. Cir., Butler County).[1] The complaint for unlawful detainer and ejectment alleges that Defendant violated several conditions of the lease and was provided with a notice to terminate the lease agreement. Notice of the complaint was provided to Defendant on or about January 15, 2026. Since that time, Defendant has filed well over 30 motions, memorandums, and other filings in state court. No answer to the complaint was found in the state court docket.

### B. Plaintiff's Claims Supporting Removal of this Action

In her Notice of Removal, Defendant asserts that this Court has jurisdiction over this matter under the Fair Housing Act and the Americans with Disabilities Act. ECF No. 1 at 2. Defendant alleges that Plaintiff did not provide her with reasonable accommodations, retaliated against Defendant for protected activity, failed to make repairs to the leased premises, and harassed Defendant. *Id*.

### Discussion

This Court is required to review *in forma pauperis* complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). In conducting this review, the Court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, as explained below, the Court finds this case is improperly removed because the

---

[1] Defendant's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville,* 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"); and *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may consider them on a motion to dismiss").

removal is procedurally defective, and the Court lacks subject matter jurisdiction over the underlying state court proceedings.

### A. Removal is Procedurally Defective

A movant desiring to remove a case to federal court, pursuant to 28 U.S.C. § 1446(a), is required to file in the district court, not only a copy of her Notice of Removal, but also:

> a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders* served upon such defendant or defendants in such action. (emphasis added)

Plaintiff failed to file the state court record in this matter, making the removal procedurally inadequate. Thus, the Notice of Removal is insufficient.

### B.  This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Notice of Removal

In addition to the procedural defects in Plaintiff's Notice of Removal, the Court finds that removal is improper because the Court lacks subject matter jurisdiction.

Subject-matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."). Subject-matter jurisdiction is an essential prerequisite for every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). The question of subject-matter jurisdiction may be

raised at any time, by any party, or by the Court itself. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). Neither federal question nor diversity jurisdiction exists here.

### A. Federal question jurisdiction

Federal question jurisdiction exists when a case arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A federal question must be apparent on the face of a plaintiff's well-pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017); *see also Thomas v. United Steelworkers Loc. 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction."). Federal question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (citation and quotation marks omitted).

Here, the complaint filed by Plaintiff makes no reference to federal statutes and does not articulate a federal claim or any actionable allegations tied to federal law. The complaint does not identify a federal cause of action, nor does it establish that Plaintiffs' right to relief hinges on the resolution of a substantial question of federal law. Instead, Plaintiff's complaint details a simple lease dispute that resulted in an unlawful detainer case being filed – a quintessential state law claim.

Defendant seems to believe that she can make allegations in her Notice of Removal to justify removal. She is incorrect. Federal question jurisdiction is based on the complaint filed by the Plaintiff in state court, not in the Notice of Removal that Defendant files before this Court. Accordingly, the Court concludes that it lacks federal question jurisdiction over this matter.

4

### B. Diversity jurisdiction

Diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

Defendant fails to allege citizenship but seems to acknowledge that the parties are located in Missouri. Accordingly, the Court concludes that it lacks diversity jurisdiction over this matter.

**Conclusion**

For the foregoing reasons, the Court will remand this matter back the Circuit Court for Butler County. The Court will deny the other pending motions for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to proceed *in forma pauperis* [ECF No. 4] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's request to remove this action to this Court is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court for Butler County. *See Wolfe Apartments LLC v. Phillips*, 26BT-CV00001 (36th Jud. Cir., Butler County).

**IT IS FURTHER ORDERED** that all other pending motions [ECF Nos. 3-14, 20-21, 26-27, 29-33] are **DENIED** without prejudice for lack of jurisdiction.

**IT IS FURTHER ORDERED** that an appeal from this remand would not be taken in good faith.

Dated this 26th day of February, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE